IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNIE MATHIS,

      Plaintiff,                  No. 2:12-cv-02325-KJM-DAD P

    vs.

B. CARR, et al.,

      Defendants.        ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      Plaintiff's in forma pauperis application is incomplete because plaintiff did not attach a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint in this action.[1]  See 28 U.S.C. § 1915(a)(2).  Plaintiff will be granted thirty days to submit a certified copy of his prison trust account statement for the relevant

/////

/////

---

[1] The trust account statement attached to plaintiff's in forma pauperis application was not certified by the trust account office as being a true copy.

1

1   six-month period.[2]

2          Accordingly, IT IS HEREBY ORDERED that should plaintiff intend to proceed
3   with this action, he shall complete the attached Notice of Submission of Document and submit it
4   to the court, within thirty days from the date of this order, with a certified copy of plaintiff's
5   prison trust account statement for the six-month period immediately preceding the filing of the
6   complaint in this action.  Alternatively, plaintiff may request voluntary dismissal of this action.
7   Plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so
8   will result in a recommendation that this action be dismissed without prejudice.

9   DATED: October 10, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
math2325.3c

---

[2] Plaintiff is cautioned that should he proceed with this action by submitting the certified copy of his trust account statement, the undersigned intends to issue findings and recommendations recommending that this action be dismissed for failure to state a cognizable claim.  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Plaintiff has alleged that his personal property was lost when defendants failed to comply with regulations and inventory his property prior to his transfer to another facility.  In his complaint plaintiff has not alleged any facts which suggest that the deprivation was authorized and the California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENNIE MATHIS,

      Plaintiff,                    No. 2:12-cv-2325-KJM-DAD P

    vs.

B. CARR, et al.,                  NOTICE OF SUBMISSION

      Defendants.               OF DOCUMENT

_____/

      Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____ certified trust account statement for the six-month period preceding the filing of this action.

DATED: _____.

                                                             _____

                                                             Plaintiff