UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE MATHIS,<br><br>        Plaintiff,<br><br>    v.<br><br>B. CARR, et al.,<br><br>        Defendants. | No.  2:12-cv-02325 KJM DAD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I. The Court's October 11, 2012 Order**

Plaintiff was previously ordered to file a certified copy of his trust account statement in support of his application for leave to proceed in forma pauperis.  (ECF No. 8.)  Therein plaintiff was also advised, however, that should he elect to proceed with this action the undersigned would likely issue findings and recommendations recommending that this action be dismissed for failure to state a cognizable claim for the reasons explained.  (Id. at 2, n.2.)  Plaintiff was advised that rather than filing his prison trust account statement in support of his in forma pauperis application, he could request voluntary dismissal of this action.  Plaintiff has nonetheless elected

/////

1

1   to proceed with this civil rights action and, on November 8, 2012, filed with the court a certified
2   copy of his trust account statement.

**II. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) and which is supported by a certified copy of his inmate trust account statement. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**III. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

1      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
2  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
3  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
4  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
5  However, in order to survive dismissal for failure to state a claim a complaint must contain more
6  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
7  allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550
8  U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
9  allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
10  (1976). The court must also construe the pleading in the light most favorable to the plaintiff and
11  resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**IV.  Failure to State a Cognizable Claim**

13      In his complaint, plaintiff alleges that he has been deprived of his personal property and
14  seeks declaratory judgment, monetary damages and an injunction. Plaintiff explains in his
15  complaint that when he was being transferred to a different institution of confinement, defendant
16  correctional sergeant Carr disregarded prison rules and regulations concerning the transfer of
17  personal property which resulted in the loss of plaintiff's personal property. According to
18  plaintiff, defendants Fisher, Brazelton and Lozano were involved in denying plaintiff's inmate
19  appeal in which he complained of his property loss and that too deprived plaintiff of his property
20  rights.

21      The United States Supreme Court has held that "an unauthorized intentional deprivation
22  of property by a state employee does not constitute a violation of the procedural requirements of
23  the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy
24  for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state
25  provides a meaningful post-deprivation remedy, only authorized, intentional deprivations
26  constitute actionable violations of the Due Process Clause. An authorized deprivation is one
27  carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall,
28  /////

773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

Here, plaintiff contends that regulations exist concerning the transfer of prisoners' personal property and that defendant Carr "deliberate[ly] disregard[ed]" those regulations which resulted in plaintiff's loss of his property. (ECF No. 1 at 3.) Thus, plaintiff is alleging an unauthorized intentional deprivation of his property. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Therefore, plaintiff must seek redress in the state system and he cannot sue in federal court on a claim that the defendant Carr deprived him of property without due process of the law. Hudson, 468 U.S. at 533. Plaintiff's claim against defendants Fisher, Brazelton and Lozano must also be dismissed for the same reason and, in addition, because plaintiff has failed to allege that those named defendants were involved in the loss of his property beyond their involvement in the denial of his inmate appeal.

**V. Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's September 10, 2012 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim. See 28 U.S.C. § 1915(e)(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

/////

time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
math2325.fsc